Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** COUNTY OF SAN DIEGO; CITY OF CORONADO; CORONADO *(AVISO AL DEMANDADO):* POLICE OFFICER PATRICK O'MALLEY; CORONADO POLICE OFFICER ROBERT CLINE; COUNTY AGENT IAN BAXTER; COUNTY AGENT N. QUINTEROS; COUNTY AGENT SUPERVISOR BENITA JEMISON; COUNTY AGENT ABIGAIL JOSEPH; COUNTY AGENT SUPERVISOR ANTONIA TORRES; COUNTY AGENT BROOKE GUILD; COUNTY AGENT SUPERVISOR ALFREDO GUARDADO; and DOES 1-50 | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* **ELECTRONICALLY FILED** Superior Court of California, County of San Diego **09/13/2013** at 02:23:00 PM Clerk of the Superior Court By Lee McAlister, Deputy Clerk |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL LEWIS, LAUREN TAYLOR, and minors CAMERON
LEWIS and BAILEY LEWIS, by and through their Guardian ad Litem

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, San Diego Hall of Justice 330 W. Broadway, San Diego, CA 92101 | **CASE NUMBER:** *(Número del Caso):* 37-2013-00061742-CI-CR-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gerald Singleton, Esq., 560 N. Coast Hwy 101, Suite 4A, Encinitas, CA 92027, (760) 697-1330

| DATE: 09/17/2013 *(Fecha)* | Clerk, by *(Secretario)* _L. McAlister_ | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* |

EXHIBIT A

GERALD SINGLETON, State Bar No. 208783
ALEXIS BASTEDO, State Bar No. 249183
SINGLETON LAW FIRM, APC
560 N. Coast Hwy 101, Suite 4A
Encinitas, California 92024
Tel.  (760) 697-1330
Fax. (760) 697-1329
Email. gerald@geraldsingleton.com
          alexisbastedo@gmail.com

SHAWN A. MCMILLAN, State Bar No. 208529
STEPHEN D. DANER, State Bar No. 259689
SAMUEL H. PARK, State Bar No. 261136
LAW OFFICES OF SHAWN A.MCMILLAN, APC
4955 Via Lapiz
San Diego, California 92122
Phone: (858) 646-0069
Fax:    (206) 600-4582
Email. attyshawn@netscape.net
          steve.mcmillanlaw@gmail.com
          sampark.mcmillanlaw@gmail.com

LANCE ROGERS, State Bar No. 258088
LAW OFFICES OF LANCE ROGERS, APC
835 Fifth Avenue, Suite 307
San Diego, CA 92101
Phone: (619) 333-6882
Fax:    (619) 330-0601
Email. lance@lrogerslaw.com

Attorneys for Plaintiffs MICHAEL LEWIS,
LAUREN TAYLOR, and minors C.L. and B.L.

F I L E D
Clerk of the Superior Court

AUG 0 7 2013

By: _____ Deputy

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO – HALL OF JUSTICE

| | |
|---|---|
| MICHAEL LEWIS, LAUREN TAYLOR, and minors CAMERAN LEWIS and BAILEY LEWIS, by and through their Guardian ad Litem,<br><br>                    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; CITY OF CORONADO; CORONADO POLICE | Case No.  37-2013-00061742-CU-CR-CTL<br>Unlimited Civil Case<br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983) AND STATE LAWS**<br><br>1.  42 U.S.C. § 1983 – Deprivation of Rights Under Fourteenth Amendment to Parental and Familial Relation |

1

EXHIBIT A

| | |
|---|---|
| OFFICER PATRICK O'MALLEY; CORONADO POLICE OFFICER ROBERT CLINE; COUNTY AGENT IAN BAXTER; COUNTY AGENT N. QUINTEROS; COUNTY AGENT SUPERVISOR BENITA JEMISON; COUNTY AGENT ABIGAIL JOSEPH; COUNTY AGENT SUPERVISOR ANTONIA TORRES; COUNTY AGENT BROOKE GUILD; COUNTY AGENT SUPERVISOR ALFREDO GUARDADO; and DOES 1-50,<br><br>Defendants. | 2. 42 U.S.C. § 1983 - Unconstitutional Official Policy, Practice, or Custom (*Monell* Claim)<br>3. Battery<br>4. False Imprisonment<br>5. Negligence<br>6. Intentional Infliction of Emotional Distress<br>7. Bane Act Violations<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiffs hereby submit the following Complaint for violations of their Constitutional rights under 42 U.S.C. §1983 and the laws of the State of California.

## INTRODUCTION

1. This case arises from an unconstitutional abuse of power by the County and City AGENTS who, without probable cause or exigent circumstances, seized and detained the minor plaintiffs (two and four year old boys) for almost a year from their parents' care based only the father's legal use of marijuana for medical purposes. They did so despite the overwhelming evidence that the children were happy, health, and well cared for.

## FACTUAL ALLEGATIONS

2. In early 2011, Michael Lewis and Lauren Taylor were the proud parents of two boys: two-year-old B.L. and four-year-old C.L. They were living together as a family in Coronado, California.

3. Michael Lewis grew up in Georgia, served in the Gulf War, was a certified Aviation Electronics Technician, had an Electronics Technology degree from DeVry Institute of Technology, had no violent criminal history, and was a doting and attentive father. Lauren Taylor, the eldest of five sisters, was a woman with Native American blood who was studying web design at DeVry University. The children knew their colors and numbers, were well nourished, and were never left alone. There has never been any evidence that they were ever physically or emotionally abused or neglected by their parents.

EXHIBIT A

4.    During his time in the Gulf War in 1991-1994, Michael Lewis was exposed to unknown chemicals.   Since then, Michael suffered from chronic, painful, and debilitating migraines.   Mr. Lewis, upon the advice and recommendation of a physician, legally used marijuana to release the pressure of the migraines and allow him to live a normal life without debilitating pain.   Although he had marijuana in the home, the children were not exposed to marijuana or marijuana smoke.

5.    On August 5, 2011, police officers with the City of Coronado allegedly received an anonymous "tip" that the Lewis family was running a day care and smoking marijuana around children.

6.    That same day, the officers went to the Lewis family residence and Mr. Lewis allowed them to enter and take photographs.   Lauren and the children were not home at the time and there was no "daycare facility" being operated in the home.

7.    Although the officers found marijuana in the home, Michael Lewis had a medical marijuana recommendation and his use was legal.   Michael presented his medical marijuana recommendation to the officers.   The officer's then left and wrote a report.   In their report, the officers identified marijuana as the only purported "hazard" in the residence.   Neither Lewis nor Taylor were ever criminally prosecuted for the possession and/or use of the marijuana.

8.    On August 8, 2011, Defendant COUNTY AGENTS IAN BAXTER and N. QUINTEROS were working in the course and scope of their employment for Defendant COUNTY OF SAN DIEGO ("COUNTY"), specifically with the Health & Human Services Agency. They were accompanied by Defendant Coronado Police Officers O'MALLEY and CLINE who were working as police officer within the course and scope of their employment with Defendant CITY OF CORONADO ("CITY").

9.    Defendant COUNTY AGENTS IAN BAXTER and N. QUINTEROS after consulting their supervisors and CITY AGENTS O'MALLEY and CLINE and obtaining their advice and agreement, seized four year old C.L. and two year old B.L. from their home and their parents' care. Defendants then deposited the children at the Polinsky Center – an emergency shelter for allegedly abused and neglected children in San Diego County.  The children were

3

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

1    there for approximately two weeks without their parents and, were no doubt, terrified.

2         10.     The only allegations against Lewis and Taylor were, essentially, that Lewis

3    legally used marijuana, and police found marijuana in the home.

4         11.     Based on these facts, Defendant COUNTY AGENTS and CITY AGENTS seized

5    C.L. and B.L. without a warrant based on allegations of "general neglect," where no exigency

6    existed at all. Specifically, there was no reasonable or articulable evidence to suggest that either

7    child was in immediate danger of suffering severe bodily injury or death at the hands of either

8    Lewis or Taylor in the time it would have taken to obtain a protective custody warrant.

9         12.     Nonetheless, even though they knew Michael Lewis' use of medical marijuana

10    was completely legal in that he had obtained a medical marijuana recommendation after an

11    evaluation from a licensed medical doctor, and that Lewis only used the marijuana outside the

12    presence of the children and only for amelioration of pain, these Defendants seized and detained

13    the children. They failed to conduct any independent investigation prior to seizing the children.

14    Michael and Lauren were shocked, stunned, amazed, and terrified.

15         13.     After entering the Polinsky Center, the Center confirmed that the children were

16    developmentally on target and there were no concerns for them (*i.e.*, no signs of physical abuse,

17    emotional abuse, or other abuse).

18         14.     On the same day, in an effort retrieve their children from custody of Defendant

19    COUNTY, Michael and Lauren expressed their willingness to have their home checked for

20    safety, submitted photographs showing a clean kitchen, got a lockbox for medication and had a

21    padlock where the marijuana was grown. They presented this evidence to Defendant COUNTY

22    AGENT IAN BAXTER the same day the children were seized.

23         15.     Despite this evidence, Defendant COUNTY AGENT IAN BAXTER and N.

24    QUINTEROS continued to detain C.L. and B.L. from their family home and loving parents.

25    Defendants COUNTY AGENT Supervisors JEMISON and GUARDADO, after having

26    conducted a detailed review of the matter, agreed with, ratified, and condoned the conduct of

27    Defendant COUNTY AGENTS BAXTER and N. QUINTEROS.

28         16.     Defendant COUNTY AGENT IAN BAXTER filed a petition with the juvenile

4

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

1  court in the County of San Diego and on behalf of Defendant COUNTY.  The petition sets out a
2  series of supporting "facts."

3      17.   The Petition is verified by Defendant BAXTER, and signed under penalty of
4  perjury.

5      18.   The "facts" set out in the petition are false, and BAXTER knew they were false at
6  the time he verified the petition under penalty of perjury and filed it with the juvenile court.

7      19.   The false allegations mislead the juvenile court into believing the children were in
8  danger, when in fact they were not and BAXTER knew they were not.

9      20.   Defendant COUNTY and COUNTY AGENT IAN BAXTER asserted one count
10 against Michael and Lauren.

11     21.   Defendant COUNTY AGENT IAN BAXTER mislead the court by stating that he
12 did not need to conduct any pre-placement preventive services because of the "emergent nature"
13 of the situation and asserted that Michael and Lauren left their children "inadequately attended
14 and inadequately supervised" around the marijuana.  This statement was totally false, and
15 BAXTER knew it, or – even worse, simply didn't care.

16     22.   At some point, Defendant COUNTY AGENT ABIGAIL JOSEPH assumed
17 Defendant BAXTER's role as the lead COUNTY agent on the case while Defendant COUNTY
18 AGENT ANTONIA TORRES assumed Supervisor Defendant JEMISON's supervisory role.
19 Upon information and belief, COUNTY AGENT BROOKE GUILD acted in concert with
20 Defendant JOSEPH.

21     23.   Despite the fact that Lewis' use of marijuana was totally legal under California
22 law, and despite the fact that all drug tests for Lauren Taylor were negative and there were no
23 signs of abuse or neglect of the children, Defendant COUNTY AGENT JOSEPH continued to lie
24 to the juvenile court by making false statements calculated to lead the juvenile court to believe
25 that Ms. Taylor used marijuana and that such use posed a danger to the children.

26     24.   Defendants COUNTY AGENT JOSEPH and her supervisor Defendant COUNTY
27 AGENT TORRES acted in concert in providing knowingly false information to the court.  Mr.
28 Lewis' promptly provided all COUNTY AGENT and CITY AGENT defendants, including

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

1   Defendant COUNTY AGENT JOSEPH, exculpatory information demonstrating that his use of
2   marijuana was legal and permissible, *i.e.*, that he received a doctor recommendation for the use
3   of marijuana from a Dr. Robert Robertson.

4       25.     Defendants JOSEPH and TORRES completely disregarded this exculpatory
5   evidence and made no effort to investigate it by, for example, contacting the doctor or obtaining
6   records from him.

7       26.     Instead, they lied to the court by stating that Mr. Lewis' use of marijuana for his
8   medical condition was not verified by his medical doctor.  They assumed that Mr. Lewis had
9   substance abuse issues and misrepresented this information to the court.  They left the juvenile
10  court with the false impression that Lewis was a serious substance abuser, someone who forged
11  records, a drug dealer, and a serious danger to the children when all those inferences were
12  untrue.

13      27.     Based on Defendant JOSEPH'S and TORRES' multiple false statements to the
14  juvenile court, the children continued to be detained in County facilities and not at home with
15  their loving parents. As a result, they were deprived of regular, open, and free contact and
16  companionship of family and friends, including their parents.

17      28.     On February 3, 2012, Defendant COUNTY and the defendant COUNTY AGENT
18  JOSEPH, with the approval of her supervisor, Defendant TORRES, filed amended petitions
19  where they added a second count.  Like with the initiating petition, the amended petitions contain
20  specific "facts" which are intended to support the allegations of the petition. Defendant JOSEPH
21  verified the amended petitions and signed, under penalty of perjury, attesting to the truth and
22  veracity of the material allegations set out in the amended petitions.

23      29.     Defendant COUNTY AGENT JOSEPH with the approval of her supervisor,
24  Defendant TORRES, continued to detain Michael and Lauren's children and then create new
25  equally false reasons for their continued detention.  For example, she asserted falsely Michael
26  had mental illnesses that posed a danger to the children.

27      30.     On February 6, 2012, the court, based on the knowingly false information
28  provided by the defendant COUNTY AGENTS, declared C.L. and B.L. dependents of the

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

1  juvenile court, continued their detention away from their parents, and placed them in some

2  stranger's foster home. Michael timely appealed.

3      31.    On August 2, 2012, the Court of Appeal for the Fourth Appellate District,

4  reversed the juvenile court's order. "[T]the record does not support a finding that [Mr. Lewis']

5  marijuana use or alleged mental illness had *any* negative impact on the children." *Cameron L. v.*

6  *Michael L.*, 2012 Cal. App. Unpub. LEXIS 5726, 21 (Cal. App. 4th Dist. Aug. 2, 2012).

7      32.    The children remained out of their family home and the care of their parents until

8  the family was reunited on August 7, 2012 – nearly one year later.

9      33.    In total, Michael, Lauren and their children were deprived of the care,

10 companionship, custody, and other protected familial interests for approximately 364 days. As a

11 direct result of the Defendants' misconduct, this family has suffered severe harm. This includes

12 two episodes where their young children were separated from their familiar surroundings and

13 housed at the Polinsky Center, several hundreds of hours in therapy and dealing with COUNTY

14 AGENTS, countless emotional challenges, numerous unfounded allegations, financial charges

15 for drug tests and supervised visitation, evictions (effectively rendered homeless) and the

16 concomitant breakage in the familial bonds that naturally arise between good parents and their

17 children.

18     34.    Throughout the ordeal, Lauren Taylor, C.L. and B.L. <u>never</u> tested positive for any

19 drug. Although Michael Lewis ingested marijuana for medicinal purposes pursuant to a

20 physician's recommendation, he never tested positive for any other drugs. Further, there was (1)

21 <u>no</u> evidence of abuse or neglect by either parent, (2) <u>no</u> evidence that Michael's marijuana use

22 impaired his parenting skills or judgment, and (3) <u>no</u> evidence that Michael Lewis acted

23 inappropriately toward his children at any time -- *ever*.

24     35.    To the contrary, there was ample evidence, which the COUNTY AGENT

25 Defendants suppressed from the juvenile court as part of their effort to build a false case, that the

26 children were intelligent, well nourished, lived without abuse or neglect, and that the removal

27 from their parents was significantly detrimental to them.

28     36.    Defendant COUNTY and Defendant COUNTY AGENT JOSEPH were informed

7

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

1   that the children would often cry for more than an hour after they were only allowed brief and
2   fleeting visitations with their parents and they would wake up crying for their parents at night
3   and during naps – none of this exculpatory evidence was ever disclosed to the Juvenile Court.
4   Rather, the COUNTY AGENT Defendants actively concealed the information from the court.

5       37.    At all times herein, supervisor Defendants JEMISON, TORRES, GUARDADO,
6   and supervisor DOES (1) personally and directly took the offensive and tortuous actions in
7   concert with their subordinate defendants and/or (2) directed subordinates to commit the actions
8   that violated plaintiffs' rights and/or (3) set in motion a series of actions by their subordinates
9   that they knew or reasonably should have known would cause the subordinates to deprive the
10   plaintiffs of their rights and/or (4) knew or reasonably should have known that their subordinates
11   were engaging in these acts and that their conduct would deprive the plaintiff of these rights and
12   the defendant failed to act to prevent their subordinates from engaging in such conduct.

13   **JURISDICTION AND VENUE**

14       38.    This Court has jurisdiction to hear this case This Court has jurisdiction of this
15   case and these claims under California common law and federal law. Venue in this Court is
16   proper because the acts complained of occurred in San Diego, California. Further, Plaintiff is
17   informed and believes that both named parties have lived and/or conducted business in San
18   Diego at all relevant times.

19   **PARTIES**

20       39.    All Plaintiffs were and are, at all times mentioned herein, citizens of the United
21   States and legal residents of the State of California.

22       40.    Defendant COUNTY OF SAN DIEGO is a municipality within the State of
23   California and employs the individual defendants and other police officers and unknown
24   AGENTS referred to herein. The individual defendants performed all of the herein alleged acts
25   for, and in the name of the Defendant COUNTY.

26       41.    Defendant CITY OF CORONADO is a municipality within the State of
27   California and employs the individual defendants and other police officers and unknown
28   AGENTS referred to herein. The individual defendants performed all of the herein alleged acts

8
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

1  for, and in the name of the Defendant CITY.

2       42.    Defendants CORONADO POLICE OFFICER PATRICK O'MALLEY and

3  CORONADO POLICE OFFICER ROBERT CLINE were, at all times herein mentioned, natural

4  persons and employees of Defendant CITY (referred to collectively as "CITY AGENTS"). At all

5  times acted herein the course and scope of their employment with Defendant CITY and under

6  color of law.  They are sued individually and in their official capacities.

7       43.    Defendants COUNTY AGENT IAN BAXTER, COUNTY AGENT N.

8  QUINTEROS, COUNTY AGENT SUPERVISOR BENITA JEMISON, COUNTY AGENT

9  ABIGAIL JOSEPH, COUNTY AGENT ANTONIA TORRES, COUNTY AGENT BROOKE

10  GUILD, and COUNTY AGENT SUPERVISOR ALFREDO GUARDADO were, at all times

11  herein mentioned, natural persons and employees of Defendant COUNTY, specifically with the

12  Health & Humans Services Agency (referred to collectively as "COUNTY AGENTS"). At all

13  times acted herein the course and scope of their employment with Defendant COUNTY and

14  under color of law.  They are sued individually and in their official capacities.

15      44.    Plaintiffs are informed and believe, and on that basis allege, that at all times

16  mentioned herein, the individually named defendants were and are residents of the County of

17  San Diego, State of California.

18      45.    The true names or capacities, whether individual, corporate, associate or

19  otherwise, of defendants named herein as DOES 1 through 50, are unknown to plaintiffs, and

20  therefore -Plaintiffs sue said defendants by such fictitious names.  The true names and capacities

21  of DOES 1-50 are unknown to Plaintiffs, who therefore sue said fictitious names either as

22  individuals or in their official capacities.  Plaintiffs are informed and believe, and based thereon

23  allege, that each of the DOE defendants is legally responsible in some manner for the events and

24  happenings herein alleged, and that the damages and injury to Plaintiffs were proximately caused

25  by their conduct and the conduct of the named Defendants.  All allegations in this complaint,

26  which refer to the named Defendants, refer in like manner to those defendants identified as Does

27  1-50, inclusive.  Plaintiffs will amend this complaint to allege the true names and capacities of

28  the Doe Defendants when they become known.

9

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

46.     Each of the acts of the individually named defendants and DOES 1 through 50 were performed by them by virtue of and under their authority as peace, police, or law enforcement officers employed by Defendants CITY and/or COUNTY, and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Said defendants were the servants, AGENTS, and employees of the Defendant CITY and/or COUNTY, and in doing the acts hereinafter described, acted within the course and scope of their employment.    Their acts herein alleged are, therefore, imputed to Defendant CITY and/or COUNTY.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983

**Deprivation of the 14th Amendment Right to Parent/Child and Familial Relation**

**All Plaintiffs against Defendants O'MALLEY, CLINE, BAXTER, QUINTEROS, JEMISON, JOSEPH, TORRES, GUILD, GUARDADO and DOES 1-50**

47.     Plaintiffs incorporate, as if set forth in full, all preceding paragraphs and allegations in this complaint.

48.     "[P]arents and children have a well-elaborated constitutional right to live together without government interference." *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000). Under the First, Fourth, Fifth and Fourteenth Amendments it is unlawful to remove a child from the care, custody, and control of its parents without probable cause, exigency, or a court order. This concept is, in fact, so well established that any reasonable COUNTY agent or CITY police officer facing similar circumstances as those present here would know that it was a violation of Plaintiffs' respective rights to seize and detain the children from the custody, care, and control of their parents without first obtaining a protective custody warrant or other similar court order.

49.     Defendants, and each of them and at all times relevant herein, an affirmative duty and obligation to not violate the protections guaranteed Plaintiffs under the United States Constitution, including the protection of parental rights, the right to privacy, family integrity and the right to familial relations.

50.     Defendants, and each of them and at all times herein, acting in the course and

10

1  scope of their employment with the Defendants COUNTY and CITY, and thereby acting under

2  color of law, conspired to deprive and did deprive LAUREN TAYLOR, MICHAEL LEWIS,

3  C.L., and B.L. of their Constitutional rights their parental/child relationship and familial

4  association under the Fourteenth Amendment to the United States Constitution. This includes,

5  but is not limited to willfully removing the C.L. and B.L. from their home and the loving care of

6  their parents, LAUREN TAYLOR and MICHAEL LEWIS, without any legal basis whatsoever,

7  and continuing to detain the children after the parents presented clear evidence that any possible

8  concern on behalf of the COUNTY AGENTS and CITY AGENTS should have been alleviated.

9     51.    Defendants, and each of them and at all times herein, deprived Plaintiffs C.L. and

10  B.L. of their liberty rights by extending the unlawful detention of the children from their family

11  home and parents through acts of artifice and fraud, by communicating false information to the

12  juvenile court, suppressing material exculpatory evidence from the juvenile court, and

13  fabricating evidence, as well as committing specific acts of perjury, by signing and submitting

14  charging documents when the offending COUNTY agent defendant knew, or had reason to

15  know, their sworn statements were untrue.

16     52.    In depriving plaintiffs of their Constitutional rights to their parental/child

17  relationship and familial association under the Fourteenth Amendment to the United States

18  Constitution, Defendants, and each of them, directly and proximately caused past and future

19  damages to plaintiffs as prayed for herein, including mental anxiety, anguish and upset.

20     53.    The conduct alleged herein was done in deliberate or reckless disregard of

21  plaintiffs' constitutionally protected rights justifying the award of exemplary damages against all

22  non-entity/municipality Defendants in an amount according to proof at the time of trial in order

23  to deter them from engaging in similar conduct and to make an example by way of monetary

24  punishment. Plaintiffs are also entitled to attorney fees and costs of suit herein.

## SECOND CAUSE OF ACTION

26  **42 U.S.C. § 1983 - Unconstitutional Official Policy, Practice, or Custom (*Monell* Claim)**

27  **All Plaintiffs Against Defendants COUNTY OF SAN DIEGO and CITY OF CORONADO**

28     54.    Plaintiffs incorporate, as if set forth in full, all preceding paragraphs and

11

1   allegations in this complaint.

2      55.    Plaintiff alleges that Defendants, and each of them, have unlawful policies,

3   customs and habits of improper and inadequate hiring, training, retention, discipline and

4   supervision of its investigators, employees (including employees of the office of the District

5   Attorney) police officers and/or detectives, including the officers mentioned herein, proximately

6   causing the Constitutional deprivations, injuries and damages suffered by plaintiffs and alleged

7   herein. This includes, but is not limited to willfully removing the C.L. and B.L. from their home

8   and the loving care of their parents, LAUREN TAYLOR and MICHAEL LEWIS, without any

9   legal basis whatsoever, communicating false information to the family court, and holding the

10   children after the parents presented clear evidence that any possible concern on behalf of the

11   COUNTY AGENTS should have been alleviated.  These policies include, but are not limited to

12   the following:

13      a.    the policy of detaining and/or removing children from their family and homes

14              without exigent circumstances (imminent danger of serious bodily injury), court

15              order and/or consent;

16      b.    the policy of removing and detaining children, and continuing to detain them for

17              an unreasonable period after any alleged basis for detention is negated;

18      c.    the policy of using trickery, duress, fabrication and/or false testimony and/or

19              evidence, and in failing to disclose exculpatory evidence, in preparing and

20              presenting reports and court documents to the Court, causing an interference

21              with parental rights, including those as to familial relations;

22      d.    by acting with deliberate indifference in implementing a policy of inadequate

23              training and/or supervision, and/or by failing to train and/or supervise its

24              officers, AGENTS, employees and state actors, in providing the constitutional

25              protections guaranteed to individuals, including those under the Fourth and

26              Fourteenth Amendments, when performing actions related to child abuse and

27              dependency type proceedings;

28      e.    the practice of setting forth allegations in Juvenile Dependency Petitions against

12

EXHIBIT A

parents claiming violations of WIC §300 regardless of whether or not reasonable and articulable evidence exists at the time to support the claims set out in the petition under penalty of perjury;

f.  the custom, policy, and/or practice of fraudulently charging parents with child abuse where none exists;

g.  the custom, policy, and/or practice of making reports to Child Protective Services in all situations where marijuana is present in a family home regardless of the legality of the use/possession and regardless of whether there is any evidence of actual abuse or neglect of the child(ren);

h.  the custom, policy, and/or practice of seizing children from parents in all or most situations where marijuana is present in a family home regardless of the legality of the use/possession and regardless of whether there is any evidence of actual abuse or neglect of the child(ren).

56.  This list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile dependency type proceedings. Plaintiffs may seek leave to amend this pleading as more information becomes available.

57.  In depriving plaintiffs of their Constitutional rights to their parental/child relationship and familial association under the Fourteenth Amendment to the United States Constitution, Defendants, and each of them, directly and proximately caused past and future damages to plaintiffs as prayed for herein, including mental anxiety, anguish and upset.

### THIRD CAUSE OF ACTION

#### Battery

#### Plaintiffs C.L. and B.L. Against All Defendants

58.  Plaintiffs incorporate, as if set forth in full, all preceding paragraphs and allegations in this complaint

59.  Defendants CITY and COUNTY are liable for all of the state law causes of action under *respondeat superior* for the actions of the COUNTY's employee defendants as set forth in Government Code §815.2(a) and §820(a). Defendant COUNTY's employees were acting

13

1   within the course and scope of their employment with Defendant COUNTY at all times
2   mentioned herein. Defendant COUNTY is liable for both the negligent and intentional actions of
3   its employees which were committed within the course and scope of their employment. *Mary M.*
4   *v. City of Los Angeles* (1991) 54 Cal.3d 202; *Lloyd v. County of Los Angeles*, (2009) 172
5   Cal.App.4th 320, 330; *Bradford v. California* (1973) 36 Cal.App.3d 16, 20; *Zelig v. County of*
6   *Los Angeles* (2002) 27 Cal.4th 1112, 1127; *M.P. v. City of Sacramento* (2009) 177 Cal.App.4th
7   121, 129; *Ducey v. Argo Sales Co.*, (1979) 25 Cal. 3d 707, 721.

8       60.    Supervisory Defendants are liable because they committed the acts and omissions,
9   or have ratified and confirmed the acts and omissions, set forth herein against Plaintiffs, acting
10   with knowledge that Plaintiffs' emotional distress would thereby increase. As such, their actions
11   in ratifying and condoning said conduct were undertaken with a wanton and reckless disregard
12   for the consequences to Plaintiffs. They did so by removing them or causing them to be removed
13   from their safe and loving home with their parents when they were not being abused or neglected
14   and there were no signs of abuse or neglect and when they were physically restrained from being
15   together as a family with their parents for 364 days.

16       61.    Defendants, and each of them, touched Plaintiffs C.L. and B.L. or caused them to
17   be touched with the intent to harm or offend them. Defendants, and each of them, were
18   substantially certain that the injuries to Plaintiffs C.L. and B.L. would result from their conduct.
19   They did so by removing them or causing them to be removed from their safe and loving home
20   with their parents when they were not being abused or neglected and there were no signs of
21   abuse or neglect and when they were physically restrained from being together as a family with
22   their parents for 364 days.

23       62.    Plaintiffs C.L. and B.L. did not consent and were not capable of consenting to the
24   touching. Their parents did not consent to their removal or continued removal. Plaintiffs C.L.
25   and B.L. were harmed and offended by the conduct of Defendants, including but not limited to
26   nightmares, anxiety, fear, frustration, and nightmares.

27       63.    As a direct and proximate cause of the negligence, Defendants, and each of them,
28   directly and proximately caused Plaintiff's damages, including but not limited to emotional

1    suffering and severe emotional distress.

2      64.    The conduct alleged herein was done in deliberately, recklessly, and intentionally

3    without regard to the safety or rights of Plaintiffs C.L. and B.L., which justifies an award of

4    exemplary and punitive damages against the COUNTY AGENT and police officer defendants as

5    permitted by law and as according to proof at trial, due to the wrongful conduct of defendants as

6    herein alleged.

7      65.    The conduct alleged herein was done in deliberate or reckless disregard of

8    plaintiffs' constitutionally protected rights, which justifies an award of exemplary and punitive

9    damages against the COUNTY AGENT and police officer defendants as permitted by law and as

10    according to proof at trial, due to the wrongful conduct of defendants as herein alleged.

11 **FOURTH CAUSE OF ACTION**

12 **False Imprisonment**

13 **Plaintiffs C.L. and B.L. Against All Defendants**

14      66.    Plaintiffs incorporate, as if set forth in full, all preceding paragraphs and

15    allegations in this complaint

16      67.    Defendants CITY and COUNTY are liable for all of the state law causes of

17    action under *respondeat superior* for the actions of the COUNTY's employee defendants as set

18    forth in Government Code §815.2(a) and §820(a). Defendant COUNTY's employees were acting

19    within the course and scope of their employment with Defendant COUNTY at all times

20    mentioned herein. Defendant COUNTY is liable for both the negligent and intentional actions of

21    its employees which were committed within the course and scope of their employment. *Mary M.*

22    *v. City of Los Angeles* (1991) 54 Cal.3d 202; *Lloyd v. County of Los Angeles,* (2009) 172

23    Cal.App.4th 320, 330; *Bradford v. California* (1973) 36 Cal.App.3d 16, 20; *Zelig v. County of*

24    *Los Angeles* (2002) 27 Cal.4th 1112, 1127; *M.P. v. City of Sacramento* (2009) 177 Cal.App.4th

25    121, 129; *Ducey v. Argo Sales Co.,* (1979) 25 Cal. 3d 707, 721.

26      68.    Supervisory Defendants are liable because they committed the acts and omissions,

27    or have ratified and confirmed the acts and omissions, set forth herein against Plaintiffs, acting

28    with knowledge that Plaintiffs' emotional distress would thereby increase. As such, their actions

15

EXHIBIT A

1    in ratifying and condoning said conduct were undertaken with a wanton and reckless disregard

2    for the consequences to Plaintiffs. They did so by removing them or causing them to be removed

3    from their safe and loving home with their parents when they were not being abused or neglected

4    and there were no signs of abuse or neglect and when they were physically restrained from being

5    together as a family with their parents for 364 days.

6       69.     Defendants, and each of them, intentionally and wrongfully detained, confined

7    and restrained Plaintiffs C.L. and B.L. Defendants, and each of them, intentionally deprived

8    Plaintiffs C.L. and B.L. of their freedom of movement by use of physical barriers, force, deceit

9    and unreasonable duress.  The restraint, confinement and detention compelled Plaintiffs C.L. and

10   B.L. to stay or go somewhere for some appreciable period of time.

11      70.     Defendants did so by removing Plaintiffs C.L. and B.L. or causing them to be

12   forcibly removed from their safe and loving home with their parents when they were not being

13   abused or neglected and there were no signs of abuse or neglect and when they were physically

14   restrained from being together as a family with their parents for 364 days.

15      71.     The defendants, and each of them, did not have probable cause, exigent

16   circumstances, or any other legal justification to remove the children from the custody of their

17   loving parents and placing them in the Polinsky Children's Center, as well as, for their continued

18   detention.

19      72.     Plaintiffs C.L. and B.L. did not consent (either knowingly or voluntarily) and

20   were not capable of consenting to the touching.  Their parents did not consent to their removal or

21   continued removal.  The confinement arose from a warrantless search and seizure, without

22   exigent circumstances, and without discharging the duties imposed by Cal. Welf. & Inst. Code

23   §306(b).

24      73.     As a direct and proximate cause of Defendants' actions, Defendants, and each of

25   them, directly and proximately caused Plaintiff C.L. and B.L.'s damages, including but not

26   limited to nightmares, anxiety, fear, frustration, nightmares, emotional suffering, and severe

27   emotional distress.  The actions of Defendants, and each of them, were a substantial factor in

28   causing Plaintiff C.L. and B.L.'s harm.

16

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

1    74.    The conduct alleged herein was done in deliberately, recklessly, and intentionally
2    without regard to the safety or rights of Plaintiffs C.L. and B.L., which justifies an award of
3    exemplary and punitive damages against the COUNTY AGENT and police officer defendants as
4    permitted by law and as according to proof at trial, due to the wrongful conduct of defendants as
5    herein alleged.

6                          **FIFTH CAUSE OF ACTION**

7                                  Negligence

8                 **Plaintiffs C.L. and B.L. Against All Defendants**

9    75.    Plaintiffs incorporate, as if set forth in full, all preceding paragraphs and
10   allegations in this complaint

11   76.    Defendants CITY and COUNTY are liable for all of the state  law causes of
12   action under *respondeat superior* for the actions of the COUNTY's employee defendants as set
13   forth in Government Code §815.2(a) and §820(a). Defendant COUNTY's employees were acting
14   within the course and scope of their employment with Defendant COUNTY at all times
15   mentioned herein. Defendant COUNTY is liable for both the negligent and intentional actions of
16   its employees which were committed within the course and scope of their employment. *Mary M.*
17   *v. City of Los Angeles* (1991) 54 Cal.3d 202; *Lloyd v. County of Los Angeles,* (2009) 172
18   Cal.App.4th 320, 330; *Bradford v. California* (1973) 36 Cal.App.3d 16, 20; *Zelig v. County of*
19   *Los Angeles* (2002) 27 Cal.4th 1112, 1127; *M.P. v. City of Sacramento* (2009) 177 Cal.App.4th
20   121, 129; *Ducey v. Argo Sales Co.,* (1979) 25 Cal. 3d 707, 721.

21   77.    Supervisory Defendants are liable because they committed the acts and omissions,
22   or have ratified and confirmed the acts and omissions, set forth herein against Plaintiffs, acting
23   with knowledge that Plaintiffs' emotional distress would thereby increase.  As such, their actions
24   in ratifying and condoning said conduct were undertaken with a wanton and reckless disregard
25   for the consequences to Plaintiffs. They did so by removing them or causing them to be removed
26   from their safe and loving home with their parents when they were not being abused or neglected
27   and there were no signs of abuse or neglect and when they were physically restrained from being
28   together as a family with their parents for 364 days.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

78.     In perpetrating the acts described herein above, defendants, and each of them, knew, or in the exercise of reasonable care and prudence, should have known, that their actions likely would result in plaintiffs' suffering emotional harm, anguish and distress.

79.     Defendants had a duty to Plaintiffs to avoid interfering with their Constitutional rights under the Fourteenth Amendment to their parental relationship and familial association. They further had a duty to obey all state, local and federal laws and to avoid exceeding the scope of their authority in their dealings with the Plaintiffs.

80.     Defendants did so by removing Plaintiffs C.L. and B.L. or causing them to be forcibly removed from their safe and loving home with their parents when they were not being abused or neglected and there were no signs of abuse or neglect and when they were physically restrained from being together as a family with their parents for 364 days.

81.     On August 8, 2011, Defendants assumed wardship of Plaintiffs C.L. and B.L. and, therefore, owed plaintiffs as part of Plaintiffs' familial liberty interest, a duty to act reasonably in minimizing the scope of intrusion into Plaintiffs' familial privacy and liberty interest in the integrity of the family unit. A preexisting relationship between County and Plaintiffs therefore existed at all relevant times mentioned herein.

82.     As part of that relationship, and pursuant to Cal. Welf. & Inst. Code §306(b), each of the COUNTY AGENT Defendants had the following statutory duty:

Before taking a minor into custody, a COUNTY AGENT shall consider whether the child can remain safely in his or her residence. The consideration of whether the child can remain safely at home shall include, but not be limited to, the following factors:

(1) Whether there are any reasonable services available to the worker which, if provided to the minor's parent, guardian, caretaker, or to the minor, would eliminate the need to remove the minor from the custody of his or her parent, guardian, or caretaker.

(2) Whether a referral to public assistance pursuant to Chapter 2 (commencing with Section 11200) of Part 3, Chapter 7 (commencing with Section 14000) of Part 3, Chapter 1 (commencing with Section 17000) of Part 5, and Chapter 10 (commencing with Section 18900) of Part 6, of Division 9 would eliminate the need to take temporary custody of the minor. If those services are available they shall be utilized.

(3) Whether a nonoffending caretaker can provide for and protect the child from abuse and neglect and whether the alleged perpetrator voluntarily agrees to withdraw from the

18

EXHIBIT A

1   residence, withdraws from the residence, and is likely to remain withdrawn from the
residence.

2   83.   Defendant COUNTY AGENTS also had a statutory duty under Cal. Govt. Code

3   §820.21 to refrain from committing with malice: (1) perjury; (2) fabrication of evidence; (3)

4   failure to disclose known exculpatory evidence; and (4) obtaining testimony by duress.

5   84.   County and the defendant COUNTY AGENTS breached their duties of care by

6   failing to consider whether but not limited to, failing to consider whether Plaintiffs C.L. and B.L.

7   could, with the provision of reasonable services, remain safely with their parents, wrongfully

8   seizing Plaintiffs C.L. and B.L., continuing to detain Plaintiffs C.L. and B.L. after any alleged

9   basis for detention had been negated, procuring of false testimony and fabricated evidence

10  including whether Plaintiff Michael Lewis had a medical recommendation for the medicinal use

11  of marijuana, and failing to disclose exculpatory evidence in reports and documents to the Court.

12  85.   Had the abovementioned acts been performed by private citizens, the acts would

13  not only have been criminal, but would entitle Plaintiffs to bring claims against each such

14  persons for, among others, abduction of a child, invasion of privacy, intentional infliction of

15  emotional distress, negligent infliction of emotional distress, and false imprisonment.

16  86.   As the direct and proximate result of the COUNTY AGENT defendants negligent

17  conduct, Plaintiffs have suffered extreme emotional and physical distress, including but not

18  limited to fright, nervousness, sleeplessness, anxiety, worry, mortification, shock, humiliation,

19  and indignity, to an extent and in an amount subject to proof at trial. Nobody, including

20  Plaintiffs, could reasonably be expected to endure the types of affront inflicted upon Plaintiffs,

21  without sustaining the type of damages herein alleged. Statutes, including, without limitation,

22  Cal. Welf. & Inst. Code §306(b) and Cal. Govt. Code §820.21, were specifically enacted to avoid

23  the types of harm suffered by Plaintiffs as mentioned herein.

24  87.   Plaintiffs are informed and believe and thereon allege that COUNTY AGENTS

25  acted knowingly and willfully, with malice and oppression, and with the intent to harm Plaintiffs.

26  Based on the nature of the offenses, and types of recovery Plaintiffs would be entitled to against

27  a private party committing the same acts, recovery of punitive damages is warranted, all to an

28  extent and in an amount subject to proof at trial.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

88.     In performing the acts and omissions alleged herein above, all Defendants breached this duty owed to Plaintiffs.  Said breach was a direct and proximate cause of the injuries and damages suffered by Plaintiffs, including the causing Plaintiffs to suffer significant emotional distress, fear, shock, grief, anxiety and other emotional upset.

89.     The acts of confirming and ratifying the conduct of subordinate officers defendants by superior officer Defendants unknown to Plaintiffs at this time, and each of them, was undertaken with the actual or constructive knowledge of the falsity of the statements and the intentional conduct against plaintiff's and was done with a wonton and reckless disregard for the consequences to plaintiff.

90.     As a direct and proximate result of the actions of all Defendants, and each of them, Plaintiff did sustain the damages alleged herein, including, but not limited to, economic damages and emotional distress.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### Plaintiffs C.L. and B.L. Against All Defendants

91.     Plaintiffs incorporate, as if set forth in full, all preceding paragraphs and allegations in this complaint

92.     Defendant COUNTY is liable for all of the state  law causes of action under *respondeat superior* for the actions of the COUNTY's employee defendants as set forth in Government Code §815.2(a) and §820(a). Defendant COUNTY's employees were acting within the course and scope of their employment with Defendant COUNTY at all times mentioned herein. Defendant COUNTY is liable for both the negligent and intentional actions of its employees which were committed within the course and scope of their employment. *Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202; *Lloyd v. County of Los Angeles*, (2009) 172 Cal.App.4th 320, 330; *Bradford v. California* (1973) 36 Cal.App.3d 16, 20; *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1127; *M.P. v. City of Sacramento* (2009) 177 Cal.App.4th 121, 129; *Ducey v. Argo Sales Co.,* (1979) 25 Cal. 3d 707, 721.

93.     On the same dates and times set forth above, Defendants, while in the course and

20

EXHIBIT A

1   scope of their employment and thereby under color of law, committed the acts and omissions

2   alleged herein.  All of the acts and omissions alleged herein were performed while the individual

3   Defendants were acting within the course and scope of their employment and thereby under color

4   of law, committed the acts and omissions alleged herein.

5       94.     The conduct of Defendants, and each of them, was intentional, outrageous,

6   unprivileged, and malicious and was committed for the purpose of causing plaintiff to suffer, or

7   with the knowledge that Plaintiff was certain, to suffer humiliation, and severe mental anguish

8   and emotional and distress.  Their conduct was so extreme that it goes beyond all possible bound

9   of decency and a reasonable person would regard the conduct intolerable in a civilized

10  community.  Their actions were rose far above any trivial indignity, annoyance, hurt feeling, or

11  bad manners.

12      95.     Supervisory Defendants are liable because they committed the acts and omissions,

13  or have ratified and confirmed the acts and omissions, set forth herein against Plaintiffs, acting

14  with knowledge that Plaintiffs' emotional distress would thereby increase.  As such, their actions

15  in ratifying and condoning said conduct were undertaken with a wanton and reckless disregard

16  for the consequences to Plaintiffs. They did so by removing them or causing them to be removed

17  from their safe and loving home with their parents when they were not being abused or neglected

18  and there were no signs of abuse or neglect and when they were physically restrained from being

19  together as a family with their parents for 364 days.

20      96.     As a further proximate result of Defendants' acts as herein alleged, Plaintiffs

21  suffered severe emotional distress, and were injured in mind and body.  Each and every plaintiff

22  suffered emotional distress that was not mild or brief, but instead was substantial and long last so

23  that no reasonable person in a civilized society could bear it.  Given the severity of the separation

24  as a family, their damages continue and will continue into the future.

25      97.     As a direct and proximate result of the actions of all Defendants, and each of

26  them, Plaintiff did sustain the damages alleged herein, including, but not limited to, economic

27  damages and emotional distress.

28      98.     In doing the so, Defendants, and each of them, acted willfully and with a callous

21

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

1    and reckless disregard for the rights, safety and health of Plaintiffs.  The acts of each of the

2    Defendants were in violation of the laws of the United States of America and the State of

3    California and constitute malice, oppression, and fraud, thus entitling Plaintiff to punitive and

4    exemplary damages against defendants in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

### Plaintiffs C.L. and B.L. Against All Defendants

### Violation of Plaintiffs' Rights Under California Civil Code §52.1 (Bane Act)

8        99.     Plaintiffs incorporate, as if set forth in full, all preceding paragraphs and

9    allegations in this complaint

10       100.    Defendant COUNTY is liable for all of the state  law causes of action under

11   *respondeat superior* for the actions of the COUNTY's employee defendants as set forth in

12   Government Code §815.2(a) and §820(a). Defendant COUNTY's employees were acting within

13   the course and scope of their employment with Defendant COUNTY at all times mentioned

14   herein. Defendant COUNTY is liable for both the negligent and intentional actions of its

15   employees which were committed within the course and scope of their employment. *Mary M. v.*

16   *City of Los Angeles* (1991) 54 Cal.3d 202; *Lloyd v. County of Los Angeles*, (2009) 172

17   Cal.App.4th 320, 330; *Bradford v. California* (1973) 36 Cal.App.3d 16, 20; *Zelig v. County of*

18   *Los Angeles* (2002) 27 Cal.4th 1112, 1127; *M.P. v. City of Sacramento* (2009) 177 Cal.App.4th

19   121, 129; *Ducey v. Argo Sales Co.*, (1979) 25 Cal. 3d 707, 721.

20       101.    The Tom Bane Civil Rights Act, Stats. 1987, ch. 1277, § 1, p. 4544, as codified in

21   California Civil Code §52.1, authorizes a private cause of action for damages and equitable relief

22   against any person who, "whether or not acting under color of law, interferes by threats,

23   intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the

24   exercise or enjoyment by any individual or individuals of rights secured by the Constitution or

25   laws of the United States, or of the rights secured by the Constitution or laws of this state ... "

26   Civ. Code, §52.1, subd. (a).

27       102.    The defendant COUNTY AGENTS and police officers committed such wrongful

28   actions by wrongfully seizing Plaintiffs C.L. and B.L. without a warrant, probable cause, or

22

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

1   exigent circumstances. Their further wrongful actions include the continued wrongful detention
2   of the children after any alleged basis for detention had been negated, the procuring of false
3   testimony, fabrication of evidence, and the refusal to disclose exculpatory evidence in preparing
4   and presenting reports and documents to the Court in relation to dependency proceedings all in
5   violation of the right to familial association and privacy arising under the Fourteenth
6   Amendment.

7       103.    The individual defendants acted within in the course and scope of their
8   employment and thereby under color of law when they committed the acts and omissions alleged
9   herein. Supervisory Defendants are liable because they committed the acts and omissions, or
10  have ratified and confirmed the acts and omissions, set forth herein against plaintiffs, acting with
11  knowledge that plaintiff's emotional distress would thereby increase.

12      104.    These acts, and the others alleged herein above, prevented Plaintiffs from
13  exercising and enjoying the legal rights secured by the Constitutions of the United States and the
14  State of California and the statutory laws and ordinances of the United States and the State of
15  California.

16      105.    The rights violated by the public employees mentioned herein, and each of them,
17  are protected by California Civil Code sections 43, 49, 51, and 52.1, which entitle Plaintiffs to
18  compensatory and punitive damages, injunctive relief, statutory civil penalty (where applicable)
19  and attorney's fees, as provided for by the laws and the Constitution of the State of California,
20  and are requested herein.

21      106.    As a direct and proximate cause of the negligence, Defendants, and each of them,
22  directly and proximately caused Plaintiff's damages, including but not limited to nightmares,
23  anxiety, fear, frustration, and nightmares.

24                          **DEMAND FOR JURY TRIAL**
25      Plaintiffs hereby demand a trial by jury.
26                          **PRAYER FOR RELIEF**
27  Wherefore, Plaintiffs pray for relief and judgment against Defendants as follows:
28                          <u>**As to All Defendants**</u>

                                    23
                    COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

                                 EXHIBIT A

(1)   General, special and compensatory damages for emotional pain and suffering;

(2)   Incidental damages;

(3)   Consequential damages;

(4)   Attorney's fees to the extent allowable, including but not limited to 42 U.S.C. § 1988, California Civil Code § 52.1, and any other basis allowed by law;

(5)   Costs of litigation;

(6)   Interest according to the highest rate provided by law; and

(7)   Such further relief as the Court deems just and proper.

**As to All Individual (Non-Entity) Defendants and DOES 1-20 Only**

(8)   Punitive and exemplary damages, including but not limited to, intentional, maliciously and/or fraudulent conduct, as allowed by law – including but not limited to *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir.1993) and Cal. Code of Civ. Proc. §3294.

SINGLETON LAW FIRM, APC
LAW OFFICES OF SHAWN A.MCMILLAN, APC
LAW OFFICES OF LANCE ROGERS, APC

Dated: July 31, 2013            By:  _____
                                     GERALD SINGLETON
                                     ALEXIS BASTEDO
                                     SHAWN A. MCMILLAN
                                     LANCE ROGERS
                                     Attorneys for Plaintiffs

24

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*<br>Alexis Bastedo, SBN 249183<br>SINGLETON LAW FIRM, APC<br>560 North Coast Hwy 101, Suite 4A<br>Encinitas, CA 92024<br>TELEPHONE NO. (760) 697-1330   FAX NO.: (760) 697-1329<br>ATTORNEY FOR *(Name):* Plaintiffs | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**09/11/2013** at 12:11:00 PM<br>Clerk of the Superior Court<br>By Lee McAlister,Deputy Clerk |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ EAST COUNTY DIVISION, RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| PLAINTIFF(S)<br>Michael Lewis, Lauren Taylor, et al., | JUDGE<br>Hon. Richard E. L. Strauss |
|---|---|
| DEFENDANT(S)<br>County of San Diego, et al., | DEPT<br>C-75 |
| **AMENDMENT TO COMPLAINT** | CASE NUMBER<br>37-2013-00061742-CI-CR-CTL |

Under Code of Civ. Pro. § 474:
FICTITIOUS NAME (Court order required once case is at issue.  SDSC Local Rule 2.1.10)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of

_____

and having discovered the true name of defendant to be

_____

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: _____          _____
                                                                          Attorney(s) for Plaintiff(s)

Under Code of Civ. Pro. § 473:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated ☐ defendant ☒ plaintiff in the complaint by the name of

minors Cameran Lewis and Bailey Lewis, by and through their guardian ad litem
and having discovered ☒ name to be incorrect and the correct name is ☐ defendant also uses the name of

minors Cameron Lewis and Bailey Lewis, by and through their guardian ad litem
amends the complaint by ☒ substituting ☐ adding such name(s) wherever the name of

minors Cameran Lewis and Bailey Lewis, by and through their guardian ad litem
appears in the complaint.

Date: August 22, 2013          _____
                                                                          Attorney(s) for Plaintiff(s)

The above amendment to the complaint is allowed.          **ORDER**

Date: ___09/11/2013___          _____
                                                                          Judge of the Superior Court

| SDSC CIV-012 (Rev 4/08) | **AMENDMENT TO COMPLAINT** | Code Civ. Pro. §§ 473 & 474<br>SDSC Local Rule, 2 1 10 |
|---|---|---|

EXHIBIT A