1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL LEWIS, LAUREN TAYLOR, and minors C.L. and B.L., by and through their Guardian ad Litem, | ) ) ) | Case No. 13-cv-2818-L (JMA) |
| | ) ) | **ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE [No. 24]** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| COUNTY OF SAN DIEGO; CITY OF CORONADO; CORONADO POLICE OFFICER PATRICK O'MALLEY; CORONADO POLICE OFFICE ROBERT CLINE; COUNTY AGENT IAN BAXTER; COUNTY AGENT N. QUINTEROS; COUNTY AGENT SUPERVISOR BENITA JEMISON; COUNTY AGENT ABIGAIL JOSEPH; COUNTY AGENT SUPERVISOR ANTONIA TORRES; COUNTY AGENT BROOKE GUILD; COUNTY AGENT SUPERVISOR ALFREDO GUARDADO; and DOES 1 through 50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs' First Amended Complaint ("FAC") alleges federal claims under 42 U.S.C. § 1983 and state law claims against Defendants. The City of Coronado and Coronado Police Officers Patrick O'Malley ("O'Malley") and Robert Cline ("Cline") now move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed and is

13cv2818

1   decided on the papers submitted.

2   **I.     BACKGROUND**

3          Plaintiffs, Michael Lewis ("Lewis") and Lauren Taylor ("Taylor") are parents of  two

4   children, B.L. and C.L. (FAC ¶ 2.) On August 5, 2011, City of Coronado police officers received

5   an anonymous "tip" that the family was running an illegal daycare and smoking marijuana

6   around children. (*Id.* ¶ 5.) That day, officers, whose identity is unknown, went to the Lewis

7   family home, while Taylor and the children were absent, but Lewis allowed them enter and to

8   take photographs. (*Id.* ¶ 6.) Although the officers did not discover a "daycare facility," they did

9   find marijuana. (*Id*. ¶¶ 6, 7.) Lewis presented the officers with his medical marijuana

10  recommendation showing that he legally used marijuana to treat migraines upon the advice of

11  his physician. (*Id.* ¶ 7.) The officers left and wrote a report indicating the marijuana was the only

12  purported "hazard" in the residence. (*Id*.)

13         Three days later, on August 8, 2011, County Agents Ian Baxter ("Baxter") and N.

14  Quinteros ("Quinteros"), working for the County of San Diego Health & Human Services

15  Agency, arrived at the Lewis family home. (FAC ¶¶ 8, 9.) They were accompanied by Coronado

16  Police Officers O'Malley and Cline who, upon searching the home and examining the children,

17  found the home to be neat and clean, and the children to be in good health and appropriately

18  dressed. (*Id.*) Baxter and Quinteros allegedly consulted with their County supervisors and with

19  the City Police Officers, O'Malley and Cline. (FAC ¶ 11) Baxter and Quinteros then allegedly

20  reached some form of consensus with the police officers, O'Malley and Cline, and took C.L. and

21  B.L. from their home. (*Id.* ¶ 11.) Additionally, Plaintiffs contend that O'Malley and Cline

22  provided armed support and were "integral participants" in the removal and detention of the

23  children. (*Id.* ¶ 11.) Plaintiffs further allege that the County Agents and the City police officers

24  removed C.L. and B.L. without a warrant based on allegations of "general neglect." (*Id.* ¶ 13.)

25  According to Plaintiffs, the only allegations against Lewis and Taylor were that Lewis legally

26  used marijuana and police found marijuana in the home. (*Id.* ¶ 12.) Specifically, Plaintiffs assert

27  there was no reasonable evidence to suggest that either child was in immediate danger of

28  suffering severe bodily injury or death at the hands of their parents, which would have been

13cv2818

necessary to obtain a protective custody warrant. (*Id.*)

Following the removal of the children, Baxter and Quinteros took the children to the Polinsky Center – an emergency shelter for allegedly abused and neglected children in San Diego County. (*Id.* ¶ 13.) The same day the children were removed from their home, the Polinksy Center confirmed the children were developmentally on target and there were no signs of physical, emotional or other abuse. (*Id.* ¶ 15.) Despite evidence submitted by the parents, again on the same day, showing a clean kitchen, a lockbox for medication and a padlock where the marijuana was grown, Baxter and Quinteros continued to detain the children. (*Id.* ¶¶ 16, 17.) Further, Baxter and Quinteros' supervisors, Jemison and Guardado, maintained their decision to continue the detention of the children following a detailed review of the matter. (*Id.* ¶ 17.)

Baxter filed a petition with the juvenile court in the County of San Diego, on behalf of himself and the County, asserting one count against Lewis and Taylor. (*Id.* ¶ 18.) Plaintiffs allege that Baxter misled the court by making false statements. (*Id.* ¶20.) At some point, County Agent Joseph, and his supervisor Agent Torres, replaced Baxter's role as lead agent on the case. (*Id.* ¶ 24.) On February 6, 2012, the court, based on the allegedly false information provided by the County Agents, declared C.L and B.L. dependants of the juvenile court. (*Id.* ¶ 24.) Lewis appealed, and on August 2, 2012, the Court of Appeal reversed the juvenile court's order. (*Id.* ¶ 33.) The children remained out of their home for approximately 364 days, until the family was reunited on August 7, 2012. (*Id.* ¶ 34.)

On July 31, 2013, Plaintiffs commenced an action in the Superior Court of the State of California, San Diego, against Defendants County of San Diego, City of Coronado, O'Malley, Cline, Baxter, Quinteros, and various county employees. On November 27, 2013, Defendants removed the action to federal court. Defendants City of Coronado, O'Malley, and Cline then moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). On July 15, 2014, this Court granted the motion with leave to amend. (ECF No. 12.)

On August 25, 2014, Plaintiffs filed their FAC, asserting seven causes of action: (1) deprivation of the 14th Amendment right to familial relations under 42 U.S.C. § 1983; (2) unconstitutional official policy, practice, or custom under 42 U.S.C. § 1983; (3) battery; (4) false

13cv2818

1   imprisonment; (5) negligence; (6) intentional infliction of emotional distress; and (7) violation of

2   the Bane Act, CAL. CIV. CODE § 52.1. On October 6, 2014, Defendants City of Coronado,

3   O'Malley, and Cline filed the present motion to dismiss the FAC, arguing the allegations fail to

4   state a claim under Federal Rule of Civil Procedure 12(b)(6).

5   **II.    LEGAL STANDARD**

6       The court must dismiss a cause of action for failure to state a claim upon which relief can

7   be granted.  FED. R. CIV. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal

8   sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court

9   must accept all allegations of material fact as true and construe them in light most favorable to

10  the nonmoving party.  *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d

11  972, 975 (9th Cir. 2007).  Material allegations, even if doubtful in fact, are assumed to be true.

12  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the court need not "necessarily

13  assume the truth of legal conclusions merely because they are cast in the form of factual

14  allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)

15  (internal quotation marks omitted).  In fact, the court does not need to accept any legal

16  conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

17      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

18  factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

19  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

20  of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  Instead, the

21  allegations in the complaint "must be enough to raise a right to relief above the speculative

22  level." *Id.*  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

23  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S.

24  at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

25  pleads factual content that allows the court to draw the reasonable inference that the defendant is

26  liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability

27  requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

28  *Id.*  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory

13cv2818

1  or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749

2  F.2d 530, 534 (9th Cir. 1984).

3  **III.   DISCUSSION**

4      **A.   Plaintiffs' Federal Claims under 42 U.S.C. § 1983**

5          1.   Coronado Police Officers O'Malley and Cline

6      The federal claims against O'Malley and Cline arise under 42 U.S.C. § 1983. Plaintiffs

7  assert that the County Agents wilfully removed the Lewis children from their home without any

8  legal basis and the children were detained due to the continued communication of false

9  information to the court. Further, Plaintiffs contend the police officers' liability arises from their

10  "integral participation" in the seizure of the children and/or their failure to intercede to prevent a

11  constitutional violation. (FAC ¶ 11.) Both theories of liability require, among other elements,

12  that the officers' *knew* that the County Agents' actions were unlawful or unconstitutional. As

13  discussed below, Plaintiffs fail to allege that Officers O'Malley and Cline were aware that the

14  removal of the children took place without a warrant or in the absence of exigent circumstances.[1]

15      The Supreme Court has long recognized that parents hold a liberty interest in familial

16  relations under both the Fourth and Fourteenth Amendment, which includes the right to live

17  together without government interference. *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923); *Troxel*

18  *v. Granville*, 530 U.S. 57, 65 (2000). Without prior judicial authorization, a child may be

19  removed from the custody of its parent "only if the information they possess at the time of the

20  seizure is such as provides reasonable cause to believe that the child is in imminent danger of

21  serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that

22  specific injury." *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000). "Officials, including

23  social workers, who remove a child from its home without a warrant must have reasonable cause

24  to believe that the child is likely to experience serious bodily harm in the time that would be

25

26      [1]Plaintiffs argue that O'Malley and Cline necessarily "'knew' and were 'aware' of the plan to seize the children[]" based upon the fact that the County Agents sought the officers'

27  advice and consent. (Pls' Opp'n 7.) Further, they contended the officers acted with the County Agents when they "seized C.L. and B.L. without a warrant..." (FAC ¶ 11). These statements

28  however, fail to allege plausible facts that O'Malley and Cline *knew* or were *aware* of the absence of a warrant or exigent circumstances.

1 required to obtain a warrant." *Rogers v. Cnty. of San Joaquin, 487 F.3d 1288, 1294* (9th Cir.

2 2007)(citing *Mabe v. San Bernadino County,* 237 F.3d 1101, 1108 (9th Cir. 2001).

3                              a.        *Integral Participant*

4          Plaintiffs allege that City Defendants, O'Malley and Cline, are liable for the County

5 Agents' seizure of the children, C.L. and B.L. (FAC ¶ 53.)  Police officers who are not

6 themselves explicitly taking part in an unconstitutional act may still be liable under § 1983 if

7 found to be "integral participants" in the alleged constitutional violation perpetrated by other

8 officers. *Boyd v. Benton County*, 374 F.3d 773, 781 (9th Cir. 2004). Integral participation in an

9 illegal seizure requires "*knowledge or a reason to know that no warrant exists* in addition to

10 some affirmative participation in the search or seizure." *Monteilh v. County of Los Angeles*, 820

11 F. Supp.2d 1081, 1092 (C.D. Cal. 2011)(emphasis in original) (citing *Melear v. Spears*, 862 F.2d

12 1177, 1181 (5th Cir. 1989); *Creamer v. Porter*, 754 F.2d 1311, 1316-17 (5th Cir. 1985)).

13          As a preliminary matter, the cases cited by Plaintiff that ascribe liability for "integral

14 participation" have done so solely when a police officer participated in the unlawful actions of

15 another *officer*, not a County agent or other official. *See Boyd v. Benton Cnty*., 374 F.3d 773 (9th

16 Cir. 2004). Plaintiff has failed to cite, and the Court has failed to locate, any cases which

17 supports holding O'Malley and Cline liable for the County Agents' taking of the children.

18          Plaintiffs also allege that "any reasonable police officer, including Defendants O'Malley

19 and Cline, *would have known* that it was unlawful to seize and detain a child from the custody

20 and care of its parent absent a warrant or exigent circumstances." (Emphasis added) (FAC ¶ 9.)

21 It is not enough to contend that police officers know or should know the law. Plaintiffs must

22 allege facts that the officers knew or had reason to know the removal was unlawful. *See*

23 *Monteilh*, 820 F. Supp.2d at 1092. However, the FAC provides no facts supporting the allegation

24 that the officers had reason to know the County Agents had not obtained a warrant or court

25 order. Even if they were aware of the absence of a warrant, Plaintiff must also establish "some

26 affirmative participation" in the seizure, which they have failed to do. *Monteilh v. County of Los*

27 *Angeles,* 820 F. Supp.2d 1081. Therefore, Plaintiffs fail to state a plausible claim against

28 O'Malley and Cline for their "integral participation" in the violation of the Fourteenth

13cv2818

Amendment right to familial relations.

### b.   *Duty to Intervene*

Additionally, Plaintiffs contend that Police Officers O'Malley and Cline held an obligation to intercede and stop the removal of the children when the County Agents consulted with them. This court previously rejected this argument as lacking foundation in the law, and does so again here. (ELECTRONIC CASE FILING ADMINISTRATIVE POLICIES AND PROCEDURES M No. 12.) Nevertheless, Plaintiffs cite to *Caylor v. City of Seattle* as holding that an officer who fails to intervene to prevent a constitutional violation "is just as liable as the government agent who commits the violation." 2013 WL 1855739 (W.D. Wash. Apr. 30, 2013) (Pls' Opp'n, 9.) However, Plaintiff again misstates the rule. "Police officers have a duty to intercede when their *fellow officers* violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994) (emphasis added). Plaintiffs have failed to point to any authority requiring police officers to intervene in the actions of a non-officer government agent.  Baxter and Quinteros, the agents who physically removed the children, are not "fellow officers" but agents working for the County of San Diego Health & Human Services Agency. (FAC ¶ 8.)

### 2.   City of Coronado Municipality Theory (*Monell* Claim)

Plaintiffs allege that the City of Coronado bears liability under § 1983 for enforcing unlawful policies, including but not limited to, removing children from their family without exigent circumstances or court orders, reporting the presence of marijuana in a family home to Child Protective Services regardless of the legality of the use/possession of the drug, and acting with deliberate indifference in implementing a policy of inadequate training of the police officers. (FAC ¶ 55.) Under *Monell v. Department of Social Services,* a municipal government entity may be liable under § 1983 only when the violation of a plaintiff's federally protected right can be attributable to the enforcement of a municipal policy, practice, or decision of a final municipal policy maker. 436 U.S. 658, 694 (1978). Defendants attack the FAC for failing "to allege or identify any City policy or custom, which led to the damages." (MTD, Ps & As 12.)

To impose municipal liability on the City of Coronado, Plaintiffs must show that the City

13cv2818

1   had policies, customs, or practices that were "the 'moving force' behind the constitutional

2   violation [Plaintiffs] suffered." *Galen v. County of Los Angeles,* 477 F.3d 652, 667 (9th Cir.

3   2007) (quoting *Monell,* 436 U.S. at 694–95). Prior to the *Twombly/Iqbal* clarification of the

4   federal pleading standard, a claim withstood a motion to dismiss with only "a bare allegation that

5   the individual officers' conduct conformed to official policy, custom or practice." *Karim-Panahi*

6   *v. Los Angeles Police Department*, 839 F.2d 621, 624 (9th Cir. 1988). But in *A.E. ex rel.*

7   *Hernandez v. County of Tulare*, the Ninth Circuit clarified the required factual allegations to

8   properly plead a *Monell* claim stating:

9       "[W]hatever the difference between [*Swierkiewicz, Dura Pharmaceuticals, Twombly,*
        *Erickson, and Iqbal* ], we can at least state the following two principles common to all of
10      them. First, to be entitled to the presumption of truth, allegations in a complaint or
        counterclaim may not simply recite the elements of a cause of action, but must contain
11      sufficient allegations of underlying facts to give fair notice and to enable the opposing
        party to defend itself effectively. Second, the factual allegations that are taken as true
12      must plausibly suggest an entitlement to relief, such that it is not unfair to require the
        opposing party to be subjected to the expense of discovery and continued litigation. Starr,
13      652 F.3d at 1216. This standard applies to *Monell* claims and should govern future
        pleadings in this case."
14

15  *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)(citing *Starr v. Baca*,

16  652 F.3d 1202, 1216 (9th Cir. 2011).

17      This Court previously found that Plaintiffs' claims against the City under § 1983 were

18  devoid of factual support and "contain[] mere conclusory statements and a simple formulaic

19  recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555." (ELECTRONIC

20  CASE FILING ADMINISTRATIVE POLICIES AND PROCEDURES M No. 12.) The

21  additional "facts" set forth in the FAC fail to "be enough to raise a right to relief above the

22  speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Plaintiffs have failed to

23  plausibly allege any facts that show a "persistent and widespread" policy that the City has an

24  established practice of removing children from their homes without a warrant. *See Monell*, 436

25  U.S. at 691. Further, the FAC makes clear that the County Agents actually seized and removed

26  the children. (FAC ¶ 11.) As previously discussed in greater detail above, Plaintiffs have failed

27  to plead any factual content that would allow this Court to draw an inference that the City of

28  Coronado is liable for the actions of the County Agents.

13cv2818

The additional broad, vague allegations of unlawful policies set forth in the FAC fail to satisfy the fair notice requirement necessary to give rise to municipality liability. *AE v. County of Tulare*, 666 F.3d at 637. In the present case, as in *Mateos-Sandoval v. County of Sonoma*, Plaintiffs assert that the city had deliberate customs, practices and habits that were the "moving force behind the constitutional violations." 942 F. Supp.2d 890, 899 (N.D. Cal. 2013) (citing *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007)). Unlike the allegations set forth in *Mateos-Sandoval*, Plaintiffs here have failed to specifically plead the contents of the policies and customs which allegedly gave rise to Plaintiffs' injuries. Further, Plaintiffs cites *Mateos-Sandoval* for the proposition that they "are not required to plead evidence to demonstrate a pattern or practice by identifying other instances in which someone was similarly treated by defendants. (Pls' Opp'n 12.) Plaintiff again misstate the rule. *Mateos-Sandoval* involves two plaintiffs who, in separate and distinct incidents, experienced nearly identical alleged unconstitutional violations of due process. 2013 WL 415600, at 1-3 (N.D. Cal. Jan. 31, 2013).

Finally, Plaintiffs' allegations that the City has a policy or practice of making reports to Child Protective Services where marijuana is present in the house similarly fails. The policy, even if accurate, does not "plausibly suggest an entitlement to recovery." (FAC ¶ 58); *see Starr*, 652 F.3d at 1216.

In light of the foregoing, Defendants' motion on this basis is **GRANTED WITH LEAVE TO AMEND.**

### B. *Plaintiffs' State Law Causes of Action*

#### 1. *California Government Claims Act*

Plaintiffs allege various state law claims against Officers O'Malley, Cline and the City of Coronado. These claims are subject to the California Tort Claims Act ("CTCA"), which provides that no suit for money or damages may be maintained against a public entity without first properly presenting a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. CAL. GOV'T CODE §§ 910, 911.2, 912.4, 912.6, 945.4; *Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1477 (9th Cir. 1995). However, a plaintiff may apply for leave to file a late claim up to one year from the date the

13cv2818

1   cause of action accrues. Cal. Gov't Code § 911.4. Further, the "failure to allege facts

2   demonstrating or excusing compliance with the claim presentation requirement subjects a claim

3   against a public entity" to dismissal for failure to state a claim. *State v. Superior Court* (*Bodde*),

4   32 Cal. 4th 1234, 1239 (2004).

5        Plaintiffs have alleged facts demonstrating their compliance with the CTCA. (FAC ¶ 49.)

6   Plaintiffs' Notice of Tort Claims[2] filed on February 7, 2013, stands in direct opposition to

7   Plaintiffs' assertion that they "timely served their respective Notices of Tort Claims . . . as

8   required under California Government Code section 900, et. seq." (FAC ¶ 49.) To meet the

9   timeliness requirement of the CTCA, a claim of damages against the City and its officers should

10  have been filed no later than February 8, 2012. This court need not accept as true "allegations

11  that contradict matters properly subject to judicial notice" or to material attached to or

12  incorporated by reference into the complaint." *Sprewell v. Golden State Warriors*, 266 F.3d 979,

13  988–89 (9th Cir. 2001). Additionally, the FAC provides no facts that would excuse Plaintiffs

14  from timely compliance with the CTCA claim presentation requirement.

15       In light of the foregoing, Defendants' motion on this basis is **GRANTED WITH**

16  **LEAVE TO AMEND.**

17               2.    *Failure to Sufficiently Plead the State Law Claims*

18       The state law causes of action against the City and its officers would nevertheless be

19  dismissed because Plaintiffs fail to state a plausible claim upon which relief can be granted. FED.

20  R. CIV. P. 12(b)(6). Plaintiffs allege the following state law claims: (1) battery; (2) false

21  imprisonment; (3) negligence; (4) intentional infliction of emotional distress; and (5) violation of

22  the Bane Act, CAL. CIV. CODE § 52.1. Plaintiffs allegations with respect to these claims contain

23  mere conclusory statements and a simple formulaic recitation of the elements of the cause of

24  action. *See Twombly*, 550 U.S. at 555.

25       To properly plead the tort of battery the plaintiff must allege: (1) the defendant touched

26

27       [2]The Court may take judicial notice of matters not reasonably in dispute and referred to in the complaint. *See Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994). The Claim for Damages

28  is a public record file with the City of Coronado, is referenced in the FAC and is not reasonably in dispute given that both parties have asked for the Court to take notice.

13cv2818

plaintiff or caused him to be touched with the intent to harm or offend him; (2) that plaintiff did not consent to the touching; and (3) that the plaintiff was harmed by the conduct. CACI 1300. Additionally, a plaintiff bringing a cause of action against a police officer must also demonstrate the officer's use of unreasonable force as an element of the battery action. *Edson v. City of Anaheim* 63 Cal. App.4th 1269, 1272 (1998). The FAC is devoid of any allegations that O'Malley and Cline "touched [B.L. and C.L.] , or caused them to be touched." Instead, Plaintiffs argue that O'Malley and Cline's "integral participation" in the County Agent's touching of B.L. and C.L. shifts liability onto the officers. (Pls.' Opp'n 19.) However, Plaintiffs' fail to provide any legal authority supporting their assertions.

Moreover, Plaintiffs' other state law causes of action fail to meet the *Iqbal/Twombly* plausibility requirement. Plaintiffs assert that for the state law claims of false imprisonment and negligence the "CITY and COUNTY are liable for all of the state law causes of action under *respondent superior* for the actions of the COUNTY's employee defendants. . . [.]" (FAC ¶¶ 71, 80.) However, the FAC and Plaintiffs' Opposition, are void of any legal basis under which to hold the City responsible for the County Agents' acts. Further, Plaintiffs' causes of action for Bane Act violations and intentional infliction of emotional distress vaguely lump all defendants together without providing any separate factual allegations of acts taken by O'Malley and Cline that would subject them to liability. Thus, because the FAC does not state plausible state law causes of action against the Coronado police officers, the City cannot be held vicariously liable.

In light of the foregoing, Defendants motion on this basis is **GRANTED WITH LEAVE TO AMEND.**

## IV.    CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss with **LEAVE TO AMEND**. If Plaintiffs intend to file an amended complaint, they must do so by February 13, 2015.

**IT IS SO ORDERED.**

DATED:  February 5, 2015

_M. James Lorenz_

13cv2818

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

M. James Lorenz
United States District Court Judge

/ / /

13cv2818

1    COPY TO:

2    HON. JAN M. ADLER
     UNITED STATES MAGISTRATE JUDGE
3

4    ALL PARTIES/COUNSEL

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv2818