# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEWIS, LAUREN TAYLOR, C.L., a minor, and B.L., a minor, by and through their guardian ad litem,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, COUNTY AGENT IAN BAXTER, COUNTY AGENT N. QUINTEROS, COUNTY AGENT SUPERVISOR BENITA JEMISON, COUNTY AGENT ABIGAIL JOSEPH, COUNTY AGENT SUPERVISOR ANTONIA TORRES, COUNTY AGENT SUPERVISOR ALFREDO GUARDADO, COUNTY AGENT BROOKE GUILD, and DOES 1-50,<br><br>Defendants. | Case No.: 3:13-cv-02818-H-JMA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS**<br><br>[Doc. No. 108] |

On November 27, 2013, this action was removed to Federal Court. (Doc. No. 1.) Plaintiff Michael Lewis ("Plaintiff") was initially represented by counsel but moved to relieve his counsel and proceed pro se on December 16, 2015. (Doc. Nos. 42, 45.) The Court granted Plaintiff's motion on January 8, 2016. (Doc. No. 46.) On June 17, 2016,

Defendant County of San Diego ("Defendant") served Plaintiff with Requests for Admissions.  (Doc. No. 89.)  Plaintiff failed to respond to the requests and Defendant moved to compel on September 19, 2016.  (Id.)  Plaintiff did not oppose the motion to compel and the Court ordered the requests be deemed admitted if Plaintiff failed to respond by October 14, 2016.  (Doc. No. 95.)  Plaintiff failed to timely respond and the requests were deemed admitted.

On January 6, 2017, the last day of discovery, Plaintiff delivered a response to Defendant's Requests for Admissions and on January 14, 2017, Plaintiff filed a motion to withdraw his admissions.  (Doc. No. 108.)  Defendants opposed the motion on February 15, 2017.  (Doc. No. 135.)  Plaintiff replied on February 22, 2017.  (Doc. No. 148.)  On March 1, 2017, the Court heard arguments on the matter.  (Doc. No. 153.)  Plaintiff Michael Lewis was represented by Attorney Stephen Allen King and Defendants were represented by Attorneys David Brodie and Erica Rocio Cortez.  (Id.)

## ANALYSIS

Requests for admissions are deemed admitted unless a party responds within 30 days.  Fed. R. Civ. P. 36(a)(3).  Admitted matters are conclusively established.  Fed. R. Civ. P. 36(b).  A Court may allow a party to withdraw admitted matters if "it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Id.  The first prong of the test in Rule 36(b) is met "when upholding the admissions would practically eliminate any presentation of the merits of the case."  Conlon v. U.S., 474 F.3d 616, 622 (9th Cir. 2007) (quoting Hadley v. U.S., 45 F.3d 1345, 1348 (9th Cir. 1995)).  The second prong requires the party relying on the deemed admissions to show prejudice.  Id.  The prejudice must be more than simply the additional burden of now having to convince the factfinder of the truth of the admitted matters.  Id.  Relief under Rule 36 is discretionary, not mandatory, and is reviewed for abuse of discretion.  Id. at 624-25.  Because Defendants would be prejudiced by such a late withdrawal of admissions, the Court denies Plaintiff's motion.

Under the operative scheduling order, discovery concluded on January 6, 2017. (Doc. No. 94.) If Plaintiff is now allowed to withdraw his admissions, Defendants would be unable to obtain additional facts needed to prove portions of their case. For example, Defendants' Request for Admission No. 19 asked Plaintiff to admit he did not have a government-issued medical marijuana card at the time of the removal of his children. (Doc. No. 89-3 at 4.) Because this fact was deemed admitted, Defendant did not conduct further inquiry into the matter during Plaintiff's deposition. (Doc. No. 135-2 ¶ 2.) Plaintiff now denies Request for Admission No. 19. Id. Because discovery has closed, however, Defendant is unable to seek further clarifications from Plaintiff or additional evidence to prove the previously admitted matter. Such difficulties in proving matters once thought admitted are precisely the type of prejudice addressed by Rule 36(b). Hadley, 45 F.3d at 1348 ("[the prejudice] relates to the difficult a party may face in proving its case, e.g., . . . because of the sudden need to obtain evidence with respect to the questions previously deemed admitted").

Plaintiff failed to respond to Defendants' initial requests for admissions. Plaintiff also failed to respond after the Court issued an order warning the Requests for Admission would be deemed admitted if Plaintiff failed to respond. Plaintiff then waited until the last day of discovery to take action regarding the admissions, preventing Defendants from conducting additional discovery regarding the previously-admitted matters. After reviewing the record as a whole, the Court finds Defendants would be prejudiced by a withdrawal of Plaintiff's admissions at this late stage in the litigation and denies Plaintiff's motion.

**IT IS SO ORDERED.**

DATED: March 3, 2017

_____
Hon. Marilyn L. Huff
United States District Judge