# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEWIS, LAUREN TAYLOR, C.L., a minor, and B.L., a minor, by and through Guardian Ad Litem,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 13-CV-02818-H-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO STAY ENFORCEMENT OF COSTS AND ATTORNEY'S FEES ORDERS PENDING APPEAL WITHOUT POSTING SUPERSEDEAS BOND; and**<br><br>[Doc. No. 302]<br><br>**(2) DENYING PLAINTIFFS' MOTION FOR NON-TAXABLE EXPENSES**<br><br>[Doc. No. 273] |

Before the Court is Defendant County of San Diego's ("the County") motion to stay enforcement of the Court's costs and attorney's fees Orders pending appeal without posting

a supersedeas bond, filed on February 5, 2018. (Doc. No. 302.) On February 15, 2018, Plaintiff Lauren Taylor, individually and as Guardian Ad Litem for Plaintiffs C.L. and B.L. ("Plaintiffs"), opposed the motion. (Doc. No. 306.) On February 26, 2018, the County replied. (Doc. No. 308.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that the motion is fit for resolution without oral argument, submits the motion on the papers, and vacates the hearing set for March 5, 2018. For the reasons discussed below, the Court grants the County's motion.

Also before the Court is Plaintiffs' motion for non-taxable out-of-pocket expenses. (Doc. No. 273.) On February 20, 2018, the County filed its objection. (Doc. No. 307.) For the reasons discussed below, the Court denies Plaintiffs' motion.

## **BACKGROUND**

Following a jury trial, on August 18, 2017, the Court entered an amended judgment in favor of Defendants Baxter, Quinteros, and Jemison on all causes of action. (Doc. No. 245.) The Court entered judgment in favor of Defendant County of San Diego as to all claims by Plaintiffs Lewis and Taylor. (Id.) The Court entered judgment in favor of Plaintiffs C.L. and B.L. as to their claims against Defendant County of San Diego and awarded C.L. and B.L. each $1 in nominal damages, payable by the County of San Diego, as well as costs and fees as allowed by law. (Id.) In September 2017, both Plaintiffs and the County filed respective notices of appeal regarding the jury's findings and the Court's amended judgment. (See Doc. Nos. 249, 254.)

On December 22, 2017, the Clerk of Court taxed costs for Plaintiffs in the amount of $28,732.47. (Doc. No. 287.) On January 23, 2018, the Court denied the County's motion to re-tax and set aside the award of costs. (Doc. No. 296.) On January 30, 2018, the Court awarded Plaintiffs reasonable attorneys' fees in the amount of $499,509.00. (Doc. No. 298.) On January 31, 2018, the Court entered an amended judgment to include an award of costs to Plaintiffs C.L. and B.L. in the amount of $28,732.47 and an award of attorneys' fees to Plaintiffs C.L. and B.L. in the amount of $499,509.00. (Doc. No. 299.) On February 2, 2018, the Court issued an order stating that it was considering Plaintiffs' request for non-

taxable out-of-pocket expenses and that the County should file an objection to that request if it wished to do so. (Doc. No. 300.) On February 20, 2018, the County filed its objection. (Doc. No. 307.)

On February 5, 2018, the County filed a notice of appeal regarding the Court's Orders (1) denying the County's motion to re-tax and set aside the award of costs; (2) awarding Plaintiffs reasonable attorneys' fees; and (3) entering amended judgment. (Doc. No. 301 (citing Doc. Nos. 296, 298, 299).) Also on February 5, 2018, the County filed a motion to stay enforcement of the Court's Orders regarding costs and attorneys' fees, pending appeal. (Doc. No. 302.) Moreover, the County moved for a waiver of the supersedeas bond requirement. (Id.) On February 15, 2018, Plaintiffs opposed the motion. (Doc. No. 306.) On February 26, 2018, the County replied. (Doc. No. 308.)

## **DISCUSSION**

### I. Motion to Stay Pursuant to Rule of Civil Procedure 62(d)

Federal Rule of Civil Procedure 62(d) provides for a stay of the execution of a final judgment pending appeal when the moving party posts a supersedeas bond. Fed. R. Civ. P. 62(d). "The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Id. The Court, however, has "inherent discretionary authority in setting supersedeas bonds," Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), and may exercise its discretion to "waive the bond requirement if it sees fit," Townsend v. Holman Consulting Corp., 881 F.2d 788, 796-97 (9th Cir. 1989), vacated on reh'g on other grounds, 929 F.2d 1358 (9th Cir. 1990) (en banc). A party seeking a departure from the normal requirement of a full security supersedeas bond bears the burden of showing reasons for such a departure. See Salameh v. Tarsadia Hotel, No. 9-CV-2739, 2015 WL 13158486, at *2 (S.D. Cal. May 19, 2015) (citing Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)). "[A]n inflexible requirement of a bond would be inappropriate in two sorts of case: where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and . . . where

the requirement would put the defendant's other creditors in undue jeopardy." Paula Band of Luiseno Mission Indians v. California, No. 9-CV-1955, 2014 WL 12669557, at *2 (S.D. Cal. Aug. 29, 2014) (quoting Olympia Equip. Leasing, Co. v. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986)).

When determining whether to waive the supersedeas bond requirement, courts consider several factors, including "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." See, e.g., Salameh, 2015 WL 13158486, at *2 (quoting Dillon v. Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)); Paula Band, 2014 WL 12669557, at *2 (same). Indeed, "[c]ourts in the Ninth Circuit regularly use the Dillon factors in determining whether to waive the bond requirement." Kranson v. Fed. Express Corp., No. 11-CV-5826, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013).

Here, the Court concludes that the County has met its burden to show that a waiver of the Rule 62(d) bond requirement is warranted. The County submitted a declaration by the County's Assistant Auditor and Controller, explaining that the County has the highest possible financial rating with three of the major credit rating agencies, that the County has an operating budget of $5.79 billion, and that the County has funds set aside for future liability and judgments sufficient to cover the attorneys' fees and costs awards in this case. (Doc. No. 302-2, Drager Decl. ¶¶ 1, 3-6.) The County also submitted a declaration by the Chief of Departmental Administrative Services for the San Diego County Counsel's Office, who is familiar with the County's financial situation and states that she is unaware of any instance in which the County has defaulted on a court judgment. (Doc. No. 302-5, Legaspi Decl. ¶¶ 1, 5.) Having considered this evidence, as well as the parties' arguments, the Court is confident that the County has funds available to pay the judgment and that,

4

given the County's evident ability to pay, the cost of a bond would be a waste of money. See Pauma Band, 2014 WL 12669557, at *3 (citing Olympia Equip., 786 F.2d at 796). Accordingly, pursuant to its broad discretionary power, the Court grants the County's motion to stay enforcement of the Court's costs and attorneys' fees Orders pending appeal without posting a supersedeas bond.

## II. Motion for Non-Taxable Out-Of-Pocket Expenses

The Court also considers Plaintiffs' motion for non-taxable out-of-pocket expenses and the County's corresponding objections. (Doc. Nos. 273, 307.) Attorney's fees available under 42 U.S.C. § 1988 "include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client." Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co., 460 F.3d 1253, 1257 (9th Cir. 2006). Such expenses "do not include costs that, like expert fees, have by tradition and statute been treated as a category of expenses distinct from attorney's fees." Id. at 1258. Furthermore, "'reasonable attorney's fees' include litigation expenses only when it is 'the prevailing practice in a given community for lawyers to bill those costs separately from their hourly rates.'" Id. (quoting Missouri v. Jenkins, 491 U.S. 274, 286-87 (1989)).

Here, the Court has thoroughly considered the parties' arguments regarding Plaintiffs' motion for non-taxable costs. Exercising its sound discretion, the Court denies the motion. (Doc. No. 273.) The Court finds that many of the requested expenses are not properly reimbursable, including alcoholic drinks, client clothing, office supplies, and client deposition preparation services. (See Doc. No. 273 Exs. L, M.) Moreover, the Clerk of Court awarded Plaintiffs costs for fees incident to transcripts, and the Court finds that no further award is warranted. (See Doc. No. 287.) In addition, given the reasonable attorneys' fees previously awarded in this case and, in particular, the awarded hourly rates, Plaintiffs have received adequate compensation for their travel expenses. (See Doc. Nos. 285, 298.) Finally, in light of Plaintiffs' limited success in this case, the Court concludes that it has already awarded Plaintiffs reasonable attorneys' fees and costs for purposes of § 1988. See Cummings v. Connell, 316 F.3d 886, 898-99 (9th Cir. 2003) ("[W]e wish to

clarify that the district court *may* reduce costs to reflect limited success on the merits."). Accordingly, the Court denies Plaintiffs' motion for non-taxable costs.

### **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for non-taxable out-of-pocket expenses. (Doc. No. 273.) The Court **GRANTS** the County's motion to stay enforcement of the Court's costs and attorney's fees Orders pending appeal without posting a supersedeas bond. (Doc. No. 302.) Furthermore, the bond requirement under Federal Rule of Civil Procedure 62(d) is **WAIVED** and execution of the Amended Judgment in this matter is **STAYED** pending resolution of the parties' appeals.

**IT IS SO ORDERED.**

DATED: February 27, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT